# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-127-RWS |
| | ) | |
| ALANA BOYLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Edward Weaver, an inmate at Southeast Correctional Center ("SECC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $15.60. *See* 28 U.S.C. § 1915(b)(1). Additionally, as fully explained below, the Court will dismiss defendants Alana Boyles and Corizon Health from the complaint, and allow plaintiff to file an amended complaint.

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $78.00. The Court will therefore assess an initial partial filing fee of $15.60, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that medical personnel at SECC were deliberately indifferent to his serious medical needs—specifically, his hepatitis C ("HCV") diagnosis—in violation of his Eighth Amendment rights. In addition, plaintiff alleges that as a result of defendants' denial of constitutionally adequate care for his HCV, he suffered an acute illness and was treated in SECC's intensive care unit for nearly a week. He names as defendants Alana Boyles (Director, Division of Adult Institutions, Missouri Department of Corrections ("MDOC")) and Corizon Health. He sues Boyles in both her individual and official capacities and Corizon only in its official capacity.

Plaintiff does not allege whether he was incarcerated when he was diagnosed with HCV, stating only that he was denied treatment for this condition at SECC. At some point after this denial of treatment, plaintiff alleges that he began suffering from shortness of breath, light headedness, temperatures up to 103 degrees, and blood in his urine. His condition progressively worsened for five days until he self-declared a medical emergency.

Upon arrival at the medical unit, he was treated by an unnamed nurse and admitted to the ICU. The nurse recorded plaintiff's temperature at 103 degrees and ordered blood work. Plaintiff

alleges his blood work revealed very high liver enzymes and a white blood cell count of 2.5.[1] Plaintiff states that because of the results of his blood work, Dr. Tippen "wanted to send me to an outside [doctor]. As a result Jefferson City denied the [doctor's] request for treatment. As it is Jefferson City told the [doctor] to keep monitoring me and to give me water, ice water, and gave me a shot in the buttocks because I had no appetite and wasn't eating."

Plaintiff states that at some point during his treatment in the ICU, medical staff at SECC again sent for blood work, which showed plaintiff's liver enzyme levels had "climbed to 3,000" and his white blood cell count had dropped to 2. Plaintiff continued to suffer intense pain, fever, light headedness, blurred vision, and dehydration. He developed fever blisters on his lips and mouth. For a week, plaintiff was monitored in the ICU, and was released when his "symptoms started leaving me and the sickness and fever went away." He attributes this decline in symptomatology to prayer, and states that it should not reflect positively on the care and treatment he received at the ICU.

For relief, plaintiff seeks $1.7 million for compensatory and punitive damages.

## Discussion

Liberally construed, plaintiff claims that defendants Alana Boyles and Corizon Health were deliberately indifferent to his serious medical needs when they refused to treat his HCV, and also when they refused to send him to an outside doctor at Dr. Tippen's request. Although plaintiff might be able to state a plausible claim for deliberate indifference to his serious medical needs, he has not named the proper defendants.

---

[1] Plaintiff alleged his white blood cell count was 2.5, which the Court will presume means 2.5 billion cells per liter. A normal white blood cell count is between 3.4 to 9 billion cells per liter. *See* https://www.mayoclinic.org/tests-procedures/complete-blood-count/about/pac-20384919 (last visited Jan. 9, 2020).

Plaintiff names as a defendant Alana Boyles, the Director of Adult Divisions at MDOC. Boyles is not a medical professional, nor does she work at SECC. Plaintiff states that he is suing Boyles because she is "responsible for hiring the Corizon Health Care Providers … that administer or deny medical services." Plaintiff does not allege that Boyles personally participated in the denial of any medical care or treatment at SECC. To state a claim under § 1983, plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Because Boyles cannot be held liable to plaintiff merely because she hired the medical personnel that treated plaintiff, plaintiff's claims against defendant Boyles will be dismissed.

Also plaintiff sues Corizon Health, stating that it "is responsible for the actions of [its] employees that administer or deny medical services . . . in as much administering, aiding, and supporting medical negligence, and malpractice, by and through the employees they themselves hire." Plaintiff does not allege, however, that any policy or custom of Corizon Health violates his constitutional rights. "A corporation acting under color of state law cannot be held liable on a *respondeat superior* theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official act that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating

that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983").

Here, plaintiff alleges only that Corizon Health should be held liable for the actions of its employees. Because Corizon cannot be held liable to plaintiff in a § 1983 action on this basis, plaintiff's claims against Corizon must be dismissed.

**Instructions for Amended Complaint**

Because plaintiff is proceeding pro se and because of the serious nature of the allegations in his complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. To state a claim under § 1983, plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights." That is, instead of naming top MDOC officials working in Jefferson City, he should name as defendants the medical personnel at SECC who he believes violated his rights by denying him treatment for his serious medical condition.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If plaintiff does not know the exact date an event occurred, he should narrow it down as much as possible.[2] Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the rights that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Finally, plaintiff's motion for appointment of counsel will be denied at this time. Although plaintiff has alleged serious claims, none of his claims have, of yet, survived frivolity review. Thus, counsel is simply not warranted at this time. Plaintiff may, of course, move for counsel at a later time, if it appears that counsel is warranted if this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

---

[2] For example, plaintiff states in his complaint that "on ___/___/20__, I was diagnosed with hep C." If possible, plaintiff should narrow this twenty-year period to a particular date or year.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $15.60. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the defendants Alana Boyles and Corizon Health are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order. Plaintiff is advised that his failure to comply with this Order will result of the dismissal of this action, without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank form complaint for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 4]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 9th day of January, 2020.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE