**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **EDWARD WEAVER,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **CIVIL ACTION NO. 1:19-CV-00127-RWS** |
| **DR. PHILLIP TIPPEN, *et al.*,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**ANSWER TO AMENDED COMPLAINT**

COMES NOW Defendant Phillip Tippen, ("Dr. Tippen"), and submits the following Answer to the Amended Complaint (Doc. No. 7) filed by Plaintiff Edward Weaver ("Plaintiff"). In response to the allegations set forth in Plaintiff's pleading, Dr. Tippen states as follows:

I. In response to Section I of Plaintiff's Amended Complaint regarding "The Parties to this Complaint," Dr. Tippen admits as follows:

A. Plaintiff is currently incarcerated at Southeast Correctional Center ("SECC").

B. Dr. Tippen serves as the Medical Director at SECC.

Except as expressly admitted herein above, Dr. Tippen denies each and every remaining allegation in Section I of Plaintiff's Amended Complaint. Dr. Tippen expressly denies that he violated Plaintiff's Eighth Amendment or any other constitutional rights on any occasion whatsoever.

II. In response to Section II of Plaintiff's Amended Complaint entitled "Statement of Claim," Dr. Tippen responds as follows:

1. Dr. Tippen admits that Plaintiff received a diagnosis of Hepatitis C. Dr. Tippen is without knowledge or information sufficient to form a belief as to the truth of the remaining averments alleged in Paragraph 1 of Section II of Plaintiff's Amended Complaint, and as such Dr. Tippen denies those allegations.

2. The allegation in Paragraph 2 of Section II of Plaintiff's Amended Complaint is unintelligible, and therefore Dr. Tippen is unable to admit or deny that allegation at this time.

3. The allegation in Paragraph 3 of Section II of Plaintiff's Amended Complaint is unintelligible, and therefore Dr. Tippen is unable to admit or deny that allegation at this time.

4. Dr. Tippen denies the allegations in Paragraph 4 of Section II of Plaintiff's Amended Complaint. Dr. Tippen expressly denies that he violated Plaintiff's Eighth Amendment or any other constitutional rights on any occasion whatsoever.

Except as expressly admitted herein above, Dr. Tippen denies each and every remaining allegation in Section II of Plaintiff's Amended Complaint. Dr. Tippen expressly denies that he violated Plaintiff's Eighth Amendment or any other constitutional rights on any occasion whatsoever.

III. Dr. Tippen denies the allegations in Section III of Plaintiff's Amended Complaint entitled "Injuries."

IV. In response to Section IV of the Amended Complaint, entitled "Relief," Dr. Tippen expressly denies that Plaintiff is entitled to the requested relief or any other damages or relief against him.

V. In response to Section V of the Amended Complaint entitled "Exhaustion of Administrative Remedies/Administrative Procedures," Dr. Tippen admits as follows:

A. Dr. Tippen admits that Plaintiff's claims arose while Plaintiff was confined in a correctional facility.

B. Dr. Tippen admits that SECC has a grievance procedure.

C. Dr. Tippen denies that the grievance procedure at SECC does not cover Plaintiff's claims.

D. Dr. Tippen is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in Paragraph D of Section V of Plaintiff's Amended Complaint, and, as such, denies such allegations.

E. Dr. Tippen is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in Paragraph E of Section V of Plaintiff's Amended Complaint, and, as such, denies such allegations.

F. Paragraph F of Section V of Plaintiff's Amended Complaint contains no allegation, and therefore there is nothing for Dr. Tippen to admit or deny.

Except as expressly admitted herein above, Dr. Tippen denies each and every remaining allegation in Section V of Plaintiff's Amended Complaint. Dr. Tippen expressly denies that he violated Plaintiff's Eighth Amendment or any other constitutional rights on any occasion whatsoever.

VI. Dr. Tippen is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in Section VI of Plaintiff's Amended Complaint, entitled "Previous Lawsuits," and, as such, denies such allegations.

VII. Dr. Tippen is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in Section VII of Plaintiff's Amended Complaint, entitled "Certification and Closing," and, as such, denies such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the doctrine of laches.

### Third Defense

Plaintiff's claims are barred by the statute of limitations.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Sixth Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Seventh Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### Eighth Defense

Plaintiff's claims are barred by the doctrine of sovereign and/or qualified immunity.

### Ninth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

**Eleventh Defense**

Dr. Tippen avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or which he is not responsible.

**Twelfth Defense**

Plaintiff's claims are barred because Dr. Tippen did not breach any duty allegedly owed to Plaintiff.

**Thirteenth Defense**

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by Dr. Tippen and Plaintiff's alleged injuries and damages.

**Fourteenth Defense**

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

**Fifteenth Defense**

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Dr. Tippen.

**Sixteenth Defense**

Plaintiff's claims are barred because Dr. Tippen did not act with deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

**Seventeenth Defense**

Plaintiff's claims are barred because he is seeking to question a medical judgment via 42 U.S.C. § 1983.

**Eighteenth Defense**

Plaintiff's claims are barred because he failed to exhaust administrative remedies prior to commencing this action. 42 U.S.C. § 1997e(a) (2005).

**Nineteenth Defense**

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

**Twentieth Defense**

Plaintiff's Complaint is barred by the "physical injury" requirement mandated by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

**Twenty-First Defense**

To the extent Plaintiff seeks to recover any attorneys' fees, Dr. Tippen objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

**Twenty-Second Defense**

Plaintiff's claims for punitive damages violate Dr. Tippen's United States and Missouri constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

**Twenty-Third Defense**

Dr. Tippen claims reliance on the benefits and provisions of Chapters 537 and 538, RSMo., including, but not limited to, Sections 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232. and/or 538.300, as each may pertain to this cause of action.

**Twenty-Fourth Defense**

Plaintiff has failed to file the requisite affidavit as required by Section 538.225 RSMo.

**Twenty-Fifth Defense**

Dr. Tippen reserves the right to assert other defenses as discovery proceeds.

**Jury Trial**

Dr. Tippen demands a trial by jury.

Respectfully submitted this 6th day of April, 2020.

/s/ William R. Lunsford
*Attorney for Dr. Tippen*

William R. Lunsford (71722)
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the following, via U.S. Mail, first class postage prepaid and properly addressed on this the 6th day of April, 2020

Edward Weaver #1203101
S.E.C.C.
300 Pedro Simmons Dr
Charleston, MO 63834

*Pro se*

/s/ William R. Lunsford
*Of Counsel*